IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA SUE O'RORKE                                                    PLAINTIFF


vs.                              Civil No. 4:20-cv-04031


COMMISSIONER, SOCIAL                                          DEFENDANT
SECURITY ADMINISTRATION

## **MEMORANDUM OPINION**

Linda Sue O'Rorke ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental

Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 16.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her applications for DIB and SSI on May 3, 2016.  (Tr. 16).  In

these applications, Plaintiff alleges being disabled due to scoliosis.  (Tr. 187).  Plaintiff alleged an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These
references are to the page number of the transcript itself not the ECF page number.

onset date of December 4, 2015.  (Tr. 16).  These applications were denied initially and again upon reconsideration.  *Id.*

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (Tr. 16).  This hearing was held on March 22, 2018.  (Tr. 31-57).  At this hearing, Plaintiff was not represented by counsel.  *Id.*  Plaintiff and Vocational Expert ("VE") Wilfred Roux testified at this hearing.  *Id.*

On February 20, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 16-25).  The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2020.  (Tr. 18, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 4, 2015, his alleged onset date.  (Tr. 18, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: scoliosis with mild spinal stenosis, obesity, depression, and anxiety disorder.  (Tr. 18, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 20-23, Finding 5).  Specifically, the ALJ found Plaintiff retained the RFC to perform light work except occasional climbing of stairs and ramps, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; and can maintain attention and concentration sufficiently to perform simple, routine work tasks and frequently interact with the public, coworkers, and supervisors.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 23, Finding 6).  The ALJ determined Plaintiff was not capable of performing her PRW.  *Id.*  However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform.  (Tr. 24, Finding 10)*.*  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) merchandise marker with approximately 1,878,860 jobs in the nation and (2) office helper with approximately 71,760 jobs in the nation.  *Id*.  Based upon this finding, the ALJ determined Plaintiff had not been disabled from December 4, 2015 through the date of the decision.  (Tr. 25, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On March 20, 2020, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-5).  On April 8, 2020, Plaintiff filed the present appeal.  ECF No. 1. Both parties have filed appeal briefs.  ECF Nos. 14, 15.  This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff raises a single argument for reversal that the ALJ improperly

discounted her credibility.  ECF No. 14 at 3-6.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the

five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects

of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective

complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long

as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly

applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two
additional factors: (1) "treatment, other than medication, you receive or have received for relief of your
pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms
(e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."
However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these
additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the
analysis of these additional factors in this case.

complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 20-23). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Conservative medical treatment, (3) Conditions controlled by use of her medications, (4) Plaintiff's described activities of daily living allow for active lifestyle, (5) No severe or disrupting side effects from medication, and (6) No surgeries planned or recommended. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be

affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain**.**  Thus, the Court cannot find a basis for reversal on this issue.  *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of April 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE